**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| REBECCA BUTLER, | ) | |
| | ) | Civil Action File No._____ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| ECON-O-CHECK CORPORATION, | ) | |
| | ) | |
| Defendant | ) | |

## COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

Plaintiff Rebecca Butler ("Plaintiff" or "Butler") files this Complaint for Equitable Relief and Damages against Econ-o-check Corporation ("Defendant" or "Econocheck") showing the Court the following:

## INTRODUCTION

This action arises out of Defendant's discriminatory and retaliatory termination of Butler based on her age, her disability, and her request for a reasonable accommodation. Defendant Econocheck is a domestic for-profit business that provides services to financial institutions. Butler was a qualified individual with a disability, suffering from Crohn's Disease, a condition which compromises the digestive track and requires her to take immunosuppressing medications. These medications placed her at an elevated risk for contracting the coronavirus. Butler

also has a record of being disabled.

In mid-March 2020, Econocheck directed Butler and other employees to work remotely due to the coronavirus. In October or November 2020, Butler's supervisors began asking her when she would return to work. Butler requested an accommodation of continuing to work remotely, because her disability and the medications used to treat it increased her risk of serious illness from the coronavirus. Butler repeated this request to Econocheck's CEO, Darren Hutcheson in December 2020. On January 5, 2021, Econocheck terminated Butler. Econocheck claimed it terminated Butler due to "restructuring," but Butler was the only employee terminated.

Butler brings claims of disability discrimination, failure to accommodate, and retaliation against Econocheck under the Americans with Disabilities Act Amendments Act of 2008 ("ADA"), 42 U.S.C. § 12101 *et seq*.

## Jurisdiction and Venue

1.   This Court has jurisdiction under 42 U.S.C. § 12101 *et seq.*, 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

2.   This district and division are proper venues under 28 U.S.C. § 1391 because Defendant Econocheck conducts business in this district and division, and

because Defendant committed its actions giving rise to this case within the Northern District of Georgia.

## Exhaustion of Administrative Remedies

3.     On February 26, 2021, Butler filed a charge of discrimination – Charge No. 410-2021-03175 – with the Equal Employment Opportunity Commission within 180 days of the occurrence of the acts of which she complains.

4.     On March 8, 2022, Butler received a Notice of Right to Sue.

5.     Butler brings this suit within ninety (90) days of the receipt of her Notice of Right to Sue.

## The Parties

6.     Butler is a citizen of the United States and a resident of the State of Georgia.

7.     Butler is and, at all times relevant hereto was, an individual with a disability as that term is defined by 42 U.S.C. § 12102(1).

8.     Butler is a person with a disability because she has an actual physical impairment – Crohn's Disease – which causes substantial limitations in one or more major life activities, because she has a record of impairment, and because Econocheck regarded her as having an impairment, as plead further below.

-3-

9.     Butler was, at all times material to this Complaint, capable of performing the essential functions of her job with or without an accommodation, as plead further below.

10.    Defendant Econocheck is a domestic profit organization that provides services to financial institutions.

11.    Econocheck is registered to do business in Georgia and conducts business in this District and venue.

12.    Econocheck was, at all times material to this Complaint, an employer engaged in commerce or in an industry affecting commerce within the meaning of the ADA and has employed more than 15 persons for each working day in each of 20 calendar weeks in the current or preceding calendar year.

13.    At all times relevant to this Complaint, Econocheck was Butler's employer, and Butler was Econocheck's employee, within the meaning of the ADA, 42 U.S.C. §12111(4) and (5).

14.    Econocheck may be served with summons and a copy of this Complaint by delivering process to its registered agent, C T Corporation System, 289 S Culver St, Lawrenceville, GA 30046-4805.

## **Statement of Facts**

### *Butler*

15.     At all times material to this Complaint, Butler suffered from Crohn's disease.

16.     Crohn's disease substantially limits Butler's major bodily functions, including digestive and bowel functions, because, *inter alia,* Crohn's disease causes Butler chronic inflammation of the gastrointestinal tract.

17.     To treat Crohn's disease, Butler takes immunosuppressing medications.

18.     Butler was a qualified individual with a disability in that she had successfully performed her job without accommodation for years prior to the events pled below.

19.     Butler began working for Econocheck in 2015 as the Director of Customer Service.

20.     When Econocheck hired Butler, Butler informed Kim Boreham, Senior Vice President, that she had Crohn's disease.

21.     Butler performed her job duties well and Econocheck repeatedly assigned her additional duties, including Human Resources functions such as trainings, benefits administration, and personnel decisions.

22.    Econocheck provided Butler with a performance-based yearly bonus every year.

23.    Econocheck never disciplined Butler.

24.    Butler also had multiple conversations with Darren Hutcheson, the owner and CEO of Econocheck, about her Crohn's disease and its treatment.

25.    Throughout Butler's employment, Butler took every seventh Friday off for treatment of her Crohn's disease. Econocheck required Butler to use her Paid Time Off to cover these appointments and did not provide her with any information about FMLA. Whenever Butler logged her time off, she logged the reason as "Remicade" or "Treatment."

26.    In or around November 2017, Hutcheson received a list of medications that his employees were taking from Econocheck's health insurance provider.

27.    After receiving the list of medications, Hutcheson asked Butler if she suffered from "AIDS or something."

28.    In response to Hutcheson's comment, Butler once again explained that she suffered from Crohn's disease.

*COVID-19*

29.    During 2020, the novel coronavirus caused a number of shutdowns

throughout the United States.

30.    COVID-19, the illness caused by the novel coronavirus, frequently causes severe respiratory problems, among other health problems, and it has killed over 950,000 Americans as of the filing of this Complaint.

31.    People who take immunosuppressing drugs are at increased risk of severe illness from COVID-19, even if they are up to date on their vaccines.

*Econocheck's Response to COVID-19 and Butler's Request for Reasonable Accommodation*

32.    In mid-March 2020, as a response to COVID-19, Econocheck directed its employees, including Butler, to work from home. However, there were always at least two employees in the office: one was the mail person, and there was at least one other employee positioned on each floor to avoid contamination. Econocheck took volunteers for the in-office functions.

33.    From the time the office moved to remote work, Hutcheson said he did not understand why Econocheck employees needed to work from home, noting that other companies were continuing to fully staff their offices. He continued to complain about employees working remotely throughout the remainder of 2020.

34.    Butler was never one of the employees required to work in the office, nor did she volunteer.

35.   Butler's core duties included:

    a.  Managing the call center;

    b.  Managing identity theft resolution;

    c.  Coordinating with Directors of Client Services and Compliance;

    d.  Coordinating with IT and CIO;

    e.  Human Resources functions;

    f.  Building Management functions.

36.   Butler effectively oversaw between fourteen and twenty employees while working from home and meeting with them remotely twice a week.

37.   Butler managed the call center and could do that from home because her home software and technology allowed her to see who was making calls and how many calls were being made. It also allowed her to monitor calls as needed.

38.   Butler completed contract negotiations remotely through Zoom, including renegotiating the health insurance benefits.

39.   Working from home provided Butler with easier access to Econocheck's customers and to all Econocheck employees because most employees were more immediately available by phone than they were in the office.

40.   There was no material change to Econocheck's clients or Econocheck's

industry during the COVID-19 pandemic.

41.     In or around July 2020, Boreham asked Butler why certain employees were not working in the office.

42.     Butler responded that employees were returning to the office on a volunteer basis.

43.     At that time, Boreham seemed satisfied with the volunteer structure.

44.     In September 2020, CEO Hutcheson began hosting his bimonthly sales meetings in-person and required all relevant personnel to attend in-person. Butler was not required to attend these meetings.

45.     In or around October or November 2020, Econocheck employed a structured remote work strategy under which, at any given point, at least half of the staff was working from home.

46.     Essentially, as long as an employee could report to the office, Econocheck required its employees to return to the office.

47.     Butler's immediate supervisor, Boreham, did not return to work in the office. However, she began asking Butler when she would return to the office.

48.     During those conversations, Boreham said that CEO Hutcheson wanted every employee to return working in the office.

49.   Butler told Boreham that she wanted to return to the office but could not yet because she was awaiting the COVID-19 vaccine.

50.   Around Thanksgiving 2020, Hutcheson began asking Butler when she would return to work.

51.   Because Butler's Crohn's disease medications rendered her immunosuppressed and thus at increased risk for COVID-19, Butler asked for a reasonable accommodation of continuing to work from home until she received the vaccine to minimize her COVID-19 exposure risk.

52.   Hutcheson brushed off Butler's request for a reasonable accommodation.

53.   Every single time Butler spoke with Hutcheson from the end of November 2020 through December 2020, Hutcheson asked her when she was returning to the office.

54.   Butler always repeated her request for a reasonable accommodation of continuing to work from home until she received the COVID-19 vaccine to Hutcheson when he asked about her return date. She also told Hutcheson that she wanted to and would return to the office once she was fully vaccinated against COVID-19.

55.     Hutcheson continued to brush off Butler's request for a reasonable accommodation.

56.     Econocheck never made a counter proposal for an accommodation or otherwise engaged in the ADA-mandated interactive process with Butler.

*Econocheck Terminates Butler Following Her Request for an Accommodation*

57.     On January 5, 2021, Boreham called Butler and told her she was being terminated due to "restructuring."

58.     Econocheck only eliminated Butler's position during its restructuring.

59.     Hutcheson had a pattern of terminating employees who required disability accommodations.

60.     For example:

   a.   In 2016, Hutcheson required then-Customer Service Manager Nancy Holbrook, approximately 60 and suffering from a disability, to retire. To do so, he "eliminated her position."

   b.   In 2018, Hutcheson required then-Administrator Connie Tschudy, approximately 54 and suffering from a disability, to retire. To do so, he "eliminated her position."

61.     Econocheck acted maliciously against Butler and her federally

-11-

protected rights in denying her a reasonable accommodation for her disability, and in terminating her because she is a qualified person with a disability and/or in retaliation for her accommodation request.

62.     Additionally, and in the alternative, Econocheck acted with reckless disregard for Butler and her federally protected rights.

63.     Econocheck's above-pled actions caused Butler damages including, but not limited to, lost compensation and benefits, and emotional damages.

## COUNT I
## Violation of ADA – Regarded as Disabled

64.     Butler incorporates by reference all the preceding paragraphs of the Complaint.

65.     At all times relevant hereto, Econocheck has been subject to the requirements of Title I of the Americans with Disabilities Act as amended by the Americans with Disabilities Amendments Act.

66.     At all times relevant hereto, Butler was an individual with a disability as defined under the ADA, 42 U.S.C. § 12102 (1)(C) because Econocheck regarded her as a person with an impairment as defined by the Act.

67.     Moreover, at all times relevant hereto, Butler has been a qualified individual with a disability as that term is defined by 42 U.S.C. § 12111(8) and able

to perform the essential functions of the job.

68.    Econocheck terminated Butler because it regarded her as disabled.

69.    Econocheck's actions violated Section 102 of the ADA, 42 U.S.C. § 12112, which prohibits discrimination on the basis of disability.

70.    Econocheck's above-pled actions caused and continue to cause Butler to suffer lost compensation and other employment benefits.

71.    Econocheck's above-pled actions caused and continue to cause Butler to suffer emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

72.    Econocheck acted intentionally and willfully in violation of Butler's federally protected rights, entitling Butler to punitive damages.

73.    Additionally, and in the alternative, Econocheck acted with reckless disregard toward Butler and her federal rights, also entitling Butler to punitive damages.

## COUNT II
## Failure to Accommodate in Violation of ADA

74.    Butler incorporates by reference all the preceding paragraphs of the Complaint.

75.    At all times relevant hereto, Econocheck has been subject to the

requirements of Title I of the Americans with Disabilities Act as amended by the Americans with Disabilities Amendments Act.

76.    At all times relevant hereto, Butler was an individual with a disability as defined by the ADA, 42 U.S.C. § 12102 (1)(A) and/or 42 U.S.C. § 12102(B).

77.    Econocheck was aware of Butler's disabilities and history and record of disability.

78.    At all times relevant hereto, Butler has been a qualified individual with a disability as that term is defined by 42 U.S.C. § 12111(8) and able to perform the essential functions of his job.

79.    Butler's disability substantially limits one or more major life activities.

80.    Butler requested a reasonable accommodation from Econocheck relating to her disability: the ability to work remotely until fully COVID-vaccinated, as opposed to working in an office, due to her Crohn's disease, she was at elevated risk from the COVID-19 virus.

81.    Butler's accommodation request was reasonable because, among other reasons, there was a track record establishing that Butler could adequately perform her job remotely, and Butler only requested to work from home until she was fully vaccinated.

-14-

82.    Econocheck failed to accommodate Butler's disability and failed to engage in an interactive process with Butler regarding her accommodation request.

83.    Econocheck terminated Butler to avoid providing Butler with a reasonable accommodation.

84.    Econocheck's actions amount to a violation of Section 102 of the ADA, 42 U.S.C. § 12112, which prohibits discrimination on the basis of disability and requires reasonable accommodation for disabilities.

85.    Econocheck's above-pled actions caused and continue to cause Butler to suffer lost compensation and other employment benefits.

86.    Econocheck's above-pled actions caused and continue to cause Butler to suffer emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

87.    Econocheck acted intentionally and willfully in violation of Butler's federally protected rights, entitling Butler to punitive damages.

88.    Additionally, and in the alternative, Econocheck acted with reckless disregard toward Butler and her federal rights, also entitling Butler to punitive damages.

## COUNT III
## Actual Discrimination in Violation of the ADA

89.    Butler incorporates by reference all the preceding paragraphs of the Complaint.

90.    At all times relevant hereto, Econocheck has been subject to the requirements of Title I of the Americans with Disabilities Act as amended by the Americans with Disabilities Amendments Act.

91.    At all times relevant hereto, Butler was an individual with a disability as defined by the ADA, 42 U.S.C. § 12102 (1)(A) and/or 42 U.S.C. § 12102(B).

92.    Econocheck was aware of Butler's disabilities and history and record of disability.

93.    At all times relevant hereto, Butler has been a qualified individual with a disability as that term is defined by 42 U.S.C. § 12111(8) and able to perform the essential functions of his job.

94.    Butler's disability substantially limits one or more major life activities.

95.    Econocheck terminated Butler's employment because of her disability.

96.    Econocheck's actions amount to a violation of Section 102 of the ADA,

42 U.S.C. § 12112, which prohibits discrimination on the basis of disability and requires reasonable accommodation for disabilities.

97.    Econocheck's above-pled actions caused and continue to cause Butler to suffer lost compensation and other employment benefits.

98.    Econocheck's above-pled actions caused and continue to cause Butler to suffer emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

99.    Econocheck acted intentionally and willfully in violation of Butler's federally protected rights, entitling Butler to punitive damages.

100.    Additionally, and in the alternative, Econocheck acted with reckless disregard toward Butler and her federal rights, also entitling Butler to punitive damages.

## COUNT IV
### Retaliation in Violation of the ADA

101.    Butler incorporates by reference all the preceding paragraphs of the Complaint.

102.    At all times relevant hereto, Econocheck has been subject to the requirements of Title I of the ADA.

103.    At all times relevant hereto, Butler was an individual with a disability

as defined by the ADA, 42 U.S.C. § 12102 (1)(A) and/or (B) and/or (C).

104.   Butler engaged in protected activity under the ADA when she requested an accommodation of continuing to work remotely to accommodate her Crohn's disease.

105.   Econocheck terminated Butler's employment in retaliation for requesting an accommodation in violation of the ADA.

106.   Econocheck's above-pled actions caused and continue to cause Butler to suffer lost compensation and other employment benefits.

107.   Econocheck's above-pled actions caused and continue to cause Butler to suffer emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

108.   Econocheck acted intentionally and willfully in violation of Butler's federally protected rights, entitling Butler to punitive damages.

109.   Additionally, and in the alternative, Econocheck acted with reckless disregard toward Butler and her federal rights, also entitling Butler to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a TRIAL BY JURY and that the following

relief be granted:

(a)     Issue a declaratory judgment that Econocheck's acts, policies, practices, and procedures complained of herein violated Butler's rights as secured under the ADA;

(b)     Grant to Butler judgment in her favor and against Econocheck under all counts of this Complaint;

(c)     Order Econocheck to make Butler whole by providing for her out-of-pocket losses as well as back pay in an amount equal to the sum of any wages, salary, employment benefits or other compensation denied or lost as a result of Econocheck's unlawful and discriminatory acts, together with interest thereon, all in an amount to be proven at trial;

(d)     Order that Butler be reinstated or, in the alternative, be awarded front pay;

(e)     Order Econocheck to compensate Butler for mental and emotional damages suffered as a result of Econocheck's unlawful and discriminatory acts;

(f)     Grant to Butler punitive damages for Econocheck's willful and intentional violations of the ADA as provided by 42 U.S.C. § 12117(a)(as

amended);

(g)     Grant to Butler a jury trial on all issues so triable;

(h)     Grant to Butler her reasonable attorneys' fees and reasonable expert witness fees together with any and all other costs associated with this action as provided by the ADA, 42 U.S.C. § 12205; and

(i)     Grant such additional monetary and equitable relief as the Court deems proper and just.

Respectfully submitted this 15th day of April 2022.

LEGARE, ATTWOOD & WOLFE, LLC

s/ Marissa R. Torgerson
Marissa R. Torgerson
Georgia Bar No. 848356
Steven E. Wolfe
Georgia Bar No. 142441

125 Clairemont Avenue, Suite 380
Decatur, Georgia 30030
Tel: (470) 823-4000 | Fax: (470) 201-1212
mrtorgerson@law-llc.com
sewolfe@law-llc.com

Counsel for Plaintiff

-20-